IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REINEL MEDEROS-ORTEGA,

    Petitioner,

v.                                                                                    Civ. No. 26-802-KG-JFR

PAM BONDI, *et al*,

    Respondents,

ORDER TO ANSWER

This matter is before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1) (Petition).   Petitioner is an immigration detainee at the Otero County Processing Center and is proceeding *pro se*.   The Petition alleges he entered the United States in 2022 and was arrested for an unspecified crime in August of 2025.   (Doc. 1) at 2.   Petitioner was taken into immigration custody following his release from county jail.   *Id.*   Immigration officials entered a removal order on October 27, 2025, which is currently on appeal.   He alleges he did not receive a meaningful bond hearing and that he is subject to prolonged detention.

Accepting the facts as true, the Court will require an answer to the Petition.   The Clerk's Office has electronically served Respondents by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system.   (Doc. 3).   The Court will set a briefing schedule, as set forth below.   The Court will also require Petitioner to file a motion to proceed *in forma pauperis* or pay the $5.00 filing fee within thirty (30) days.

Petitioner filed a Motion for Release (Doc. 2) along with the opening pleading.   Petitioner seeks an immediate release from custody before briefing is complete.   A petitioner seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief.

*Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).   In the section of the Motion addressing likelihood of success on the merits, Petitioner primarily alleges he is subject to prolonged detention pursuant to *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).   *Zadvydas* does not apply because Petitioner's removal order is not yet final.   *See Ngefack v. Castro*, 2026 WL 473161, at *1 (D.N.M. Feb. 19, 2026) ("Petitioner does not appear to raise a colorable claim challenging his detention under 8 U.S.C. § 1231 or *Zadvydas ...* because his removal order is not yet final"); *Themeus v. U.S. Dep't of Just.*, 643 Fed. App'x 830, 833 (11th Cir. 2016) (same).   It also appears that Petitioner has some criminal history, as he was arrested before his transfer to immigration custody.   While the facts warrant a response and an expedited review of the filings, the Court declines to release Petitioner based on the current filings and before the USAO has an opportunity to respond.

IT IS ORDERED that:

1. The United States Attorney's Office must answer the Petition within ten (10) business days of entry of this Order.

2. If Petitioner wishes to file an optional reply, he must do so within seven (7) business days after the response is filed.

3. The Motion for Release (Doc. 2) is denied without prejudice.

4. Within thirty (30) days of entry of this Order, Petitioner shall pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.   Electronically filed documents can be found on the Court's PACER public access system.