IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REINEL MEDEROS-ORTEGA,

     Petitioner,

v.                                  No. 2:26-cv-00802-KG-JFR

MARY DE ANDA-YBARRA, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Petitioner Reinel Mederos-Ortega's Status Report, Doc. 13, which the Court construes as a motion to enforce, and the Government's Response, Doc. 16. Petitioner contends that the Government failed to comply with this Court's prior order, Doc. 11. After reviewing a digital audio recording ("DAR") of the hearing, the Court agrees that the bond hearing failed to satisfy the procedures mandated by its earlier ruling.[1] The Court grants Petitioner's motion and orders the Government to release him immediately.

**I.    *Background***

Petitioner, a Cuban citizen, entered the United States without inspection in 2022. Doc. 10 at 2. He applied for asylum, alleging he "suffered severe persecution and torture in Cuba." Doc. 1 at 2. In August 2025, Immigration and Customs Enforcement ("ICE") arrested him after he was "released from county jail on a pending criminal charge" and transferred him to the Otero County Processing Center in New Mexico. *Id.* An immigration judge ("IJ") denied his asylum application and ordered him removed on October 27, 2025. *Id.* Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), which remains pending. *Id.* at 4.

---

[1] The DAR of the Bond Hearing (April 9, 2026) is on file with the Court and lodged at Doc. 17 ("Audio Recording").

1

On April 6, 2026, this Court concluded that Petitioner's redetention violated the Immigration and Nationality Act ("INA") and granted Petitioner's habeas petition. *See* Doc. 11. The Court ordered the Government to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), at which the Government bore the burden of proof of justifying Petitioner's continued detention. *See id.* at 5.

On April 9, 2026, an IJ conducted a bond hearing. Doc. 13 at 2. At the outset, the IJ asked Petitioner whether he had been ordered removed. Audio Recording at 00:27. After Petitioner answered in the affirmative, the IJ stated: "I'm not going to grant you bond because you're a flight risk because you have a pending order of removal and the *Matter of Hurtado* may still apply in your case." *Id.* The IJ did not request argument from the Government. *Id.* The IJ's final written order stated that bond was denied because Petitioner is a "Flight Risk: has pending removal order; and failed to appear at prior court hearing; Matter of Hurtado may apply in his case." Doc. 13 at 7. Petitioner now seeks immediate release, arguing that the IJ failed to shift the burden to the Government. *Id.* at 4–5. The Government opposes the motion. Doc. 16.

## II.    *Analysis*

For the reasons below, the Court concludes that (A) it has jurisdiction to review the procedures used at the bond hearing, and (B) release is warranted.

### A.      *The Court has jurisdiction.*

First, the Court concludes that it has jurisdiction to consider Petitioner's claim. *See Tuck v. United Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction). The Court acknowledges that, under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226]...shall not be subject to review," and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of

any alien."  But § 1226(e) only bars review of the Attorney General's "discretionary judgment."

*Demore v. Kim*, 538 U.S. 510, 516–17 (2003).  It does not eliminate "habeas jurisdiction over

constitutional claims or questions of law."  *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir.

2017); *see also Miranda v. Garland*, 34 F.4th 338, 351–52 (4th Cir. 2022) (noting that Section

1226(e) does not strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the

"procedures adopted by the Attorney General for all detention decisions under § 1226(a)"); *see also*

*Singh v. Holder,* 638 F.3d 1196, 1200–02 (9th Cir. 2011) (collecting cases and holding that §

1226(e) does not limit federal court's jurisdiction to review bond hearing determinations for

constitutional claims or legal error).  This framework reflects a district court's authority to ensure

compliance with its own habeas orders.  *See  Shillitani v. United States*, 384 U.S. 364, 370 (1966)

("Courts have inherent power to enforce compliance with their lawful orders."); *Hechavarria v.*

*Whitaker*, 358 F. Supp. 3d 227, 235–36 (W.D.N.Y. 2019) (stating that, when addressing a motion to

enforce a prior order granting conditional habeas relief, "the Court is not reviewing a discretionary

judgment of the IJ under § 1226," but "determining whether the order it issued...was followed").

Under these principles, the Court has jurisdiction to consider Petitioner's motion to enforce.

Petitioner does not challenge the IJ's discretionary weighing of the evidence or the ultimate bond

determination.  Rather, he raises a constitutional claim that the IJ failed to follow the due process

requirements set forth by this Court when denying bond.

> **B.**       ***The bond hearing failed to comply with this Court's order.***

Next, the Court concludes that Petitioner's bond hearing did not satisfy the due process

requirements set forth in this Court's prior order.  In granting habeas relief, the Court exercised its

discretion to require the Government to justify Petitioner's detention by clear and convincing

evidence.  Doc. 11 at 4–5.  That did not occur.  Rather, the IJ denied bond at the outset of the bond

hearing, without hearing any argument from the Government (or Petitioner).  The IJ did not hold the

Government to its burden.  Because the hearing failed to comply with this Court's prior order, release is warranted.

### III.   *Conclusion*

For the reasons above, the Court orders that:

1. Petitioner's motion to enforce, Doc. 13, is granted.  The Government shall release him within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. Before Petitioner's removal order becomes administratively final, the Government may not redetain him without first providing a hearing before a neutral IJ under § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner poses a danger or flight risk.  This Order does not limit the Government's authority to detain Petitioner under 8 U.S.C. § 1231 once his removal order becomes final.

3. The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.